**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ZANETA ("JOI") RAINEY LIGHTFOOT, | ) ) ) | CIVIL ACTION FILE |
| Plaintiff, | ) ) | File No. _____ |
| v. | ) ) | |
| HENRY COUNTY SCHOOLS, | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff Zaneta ("Joi") Rainey Lightfoot ("Plaintiff") files this Complaint against Defendant Henry County Schools ("HCS" or "Defendant") showing the Court the following:

### INTRODUCTION

1.

This is an action for retaliation in violation of Plaintiff's rights under the Family and Medical Leave Act, ("FMLA"), 29 U.S.C. § 2601 *et seq.* This is also an action for intentional disability discrimination and retaliation under the Americans with Disabilities Act, as amended by the Americans with Disabilities

Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq.*, to correct unlawful employment practices on the basis of disability, to vindicate Plaintiff's rights, and to make her whole.   Plaintiff sues because Defendant has discriminated and retaliated against her, and continues to discriminate and retaliate against her because of her medical leave and her disability.

## JURISDICTION AND VENUE

2.

Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 12101 *et seq.*, 28 U.S.C. §§ 1331 and 1343(a)(4), 28 U.S.C. §§ 2201 and 2202, and 29 U.S.C. § 2601 *et seq*.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant HCS conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

## PARTIES

### 4.

Plaintiff is a citizen of the State of Georgia and resident of Walton County, Loganville, Georgia.  Plaintiff submits herself to the jurisdiction of this Court.

### 5.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.* in that she had been employed with the Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her serious health condition.

### 6.

Plaintiff is and, at all times relevant hereto, was a qualified individual with a disability as that term is defined by 42 U.S.C. § 12102(1).

### 7.

Plaintiff is a person with a disability inasmuch as she actually has a physical impairment causing substantial limitation in one or more major life activities, because she has a record of impairment, and because Defendant regarded her as having an impairment.

8.

Plaintiff is capable of performing the essential functions of her job with or without an accommodation.

9.

Defendant Henry County Schools is a public school system responsible for the government, control, and management of the public schools in Henry County.

10.

Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*

11.

Defendant had more than 50 employees within a 75 mile radius of the location in which Plaintiff was employed in each of 20 or more consecutive calendar weeks in the current or preceding year within the meaning of 29 U.S.C. § 2601 *et seq*.

12.

Defendant is an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADAAA and has employed more than 15

persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

13.

Defendant may be served by delivering process to Dr. Ethan Hildreth, Superintendant of Henry County Schools, at 33 North Zack Hinton Parkway, McDonough, Georgia 30253.

### ADMINISTRATIVE PROCEEDINGS

14.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

15.

On or about December 5, 2012, Plaintiff received a Notice of Right to Sue from the EEOC relating to her charge of discrimination, charge number 410-2011-02951.  This civil action is instituted in the appropriate federal district court within ninety (90) days of the receipt of the Notice.

## STATEMENT OF FACTS

16.

Plaintiff began employment with Henry County Schools in August 2007.

17.

Plaintiff was assigned to Woodland High School beginning in 2008.

18.

Initially while at Woodland, Plaintiff taught tenth grade English and coached cheerleading.  Plaintiff is a very successful teacher.

19.

Plaintiff is a qualified individual with a disability as defined by the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act ("ADAAA").

20.

Plaintiff has a physical impairment that causes substantial limitations in several major life activities.

21.

Plaintiff also has a record of impairment.  Defendant also regards Plaintiff as having an impairment.

22.

Plaintiff's disability requires that she be accommodated by taking intermittent medical leave (among other accommodations).

23.

On February 14, 2011, Plaintiff was approved for intermittent leave, and Principal Bret Cook, the principal of Woodland High School, was notified of the approval.

24.

Nine days later on February 23, 2011, Plaintiff received a formal written reprimand from Mr. Cook – the first reprimand she had received while at Woodland.

25.

Mr. Cook told Plaintiff that the reprimand was not based on her teaching skills or classroom skills but that it was a result of her medical absences.

26.

Plaintiff told Mr. Cook that she believed she was being singled out because of her disability.

27.

Plaintiff is aware of other teachers, including Sherita Harkness and Pat Faulkner, who have engaged in the same conduct for which Plaintiff was disciplined who were not disciplined.

28.

In March 2011, teachers who were renewed for the 2011-2012 school year were given their contracts. Plaintiff was not given a contract when the other teachers were.

29.

On March 28, 2011, Plaintiff met with Mr. Cook.

30.

Mr. Cook gave Plaintiff a negative performance review and told her he was placing her on a professional development plan for the next year.

31.

Mr. Cook also told Plaintiff that he did not plan to decide whether her teaching contract would be renewed until May 10, 2011 and that it would be based on how Plaintiff did on her PDP.

32.

Plaintiff's PDP was not based on her classroom skills but was again based on her intermittent medical leave.

33.

Mr. Cook also told Plaintiff that even if her contract was renewed, she would not be permitted to coach cheerleading and her pay would be cut accordingly.

34.

As a result, on April 6, 2011, Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission alleging discrimination and retaliation in violation of the ADAAA.

35.

Plaintiff's contract was renewed in May 2011, but she was not permitted to coach cheerleading, and she was forced to remain on the PDP for the entire 2011-2012 school year.

36.

In disciplining Plaintiff more harshly than her coworkers that are not disabled, Defendant discriminated against Plaintiff because of her disability; namely, Defendant regarded Plaintiff as having an impairment.

37.

Alternatively, in disciplining Plaintiff more harshly than her coworkers that are not disabled, Defendant discriminated against Plaintiff because of her actual disability.

38.

Alternatively, in disciplining Plaintiff more harshly than her coworkers that are not disabled, Defendant discriminated against Plaintiff because of her record of disability.

39.

In disciplining Plaintiff more harshly than her coworkers that are not disabled, Defendant has acted intentionally, willfully and in bad faith.

40.

The effect of Defendant's above-stated actions has been to deprive Plaintiff of employment opportunities, income in the form of wages, prospective employment benefits, including social security and other benefits to which she would have been entitled but for Defendant's illegal actions.

41.

The effect of Defendant's above-stated actions has also caused Plaintiff to suffer out-of-pocket losses and mental and emotional distress for which she seeks redress.

## COUNT I
## Violation of ADAAA – Regarded As Disabled

42.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

43.

At all times relevant hereto, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

44.

At all times relevant hereto, Plaintiff was an individual with a disability as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102 (1)(C) inasmuch as she was regarded as a person with an impairment as defined by the Act.

45.

Moreover, at all times relevant hereto, Plaintiff has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of the job.

46.

Defendant disciplined, and continues to discipline, Plaintiff based on conduct for which it does not discipline its non-disabled employees.

47.

Defendant placed Plaintiff on a yearlong PDP based on actions for which it does not discipline its non-disabled employees.

48.

Defendant removed Defendant's cheerleading coach duties and the pay she received for her cheerleading coach duties because it regards her as disabled.

49.

Defendant's actions amount to a violation of Section 102 of the ADAAA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

50.

As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

51.

In addition, Defendant's actions have caused, continue to cause, and will cause the Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT II
## Violation of ADAAA – Actual Disability

52.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

53.

At all times relevant hereto, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

-13-

54.

At all times relevant hereto, Plaintiff was an individual with a disability, sickle cell anemia, as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102 (1)(A).

55.

Defendant is aware of Plaintiff's disability and history and record of disability.

56.

Moreover, at all times relevant hereto, Plaintiff has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of her job.

57.

Defendant disciplined, and continues to discipline, Plaintiff based on conduct for which it does not discipline its non-disabled employees.

58.

Defendant placed Plaintiff on a yearlong PDP based on actions for which it does not discipline its non-disabled employees.

-14-

59.

Defendant removed Defendant's cheerleading coach duties and the pay she received for her cheerleading coach duties because of her disability.

60.

Defendant's actions amount to a violation of Section 102 of the ADAAA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

61.

As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

62.

In addition, Defendant's actions have caused, continue to cause, and will cause the Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT III
## <u>Violation of ADAAA – Record of Disability</u>

63.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

64.

At all times relevant hereto, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

65.

At all times relevant hereto, Plaintiff was an individual with a disability, sickle cell anemia, as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102 (1)(A).

66.

Defendant is aware of Plaintiff's disability and history and record of disability.

67.

Moreover, at all times relevant hereto, Plaintiff has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111 (8) and able to perform the essential functions of her job.

68.

Defendant disciplined, and continues to discipline, Plaintiff based on conduct for which it does not discipline its non-disabled employees.

69.

Defendant placed Plaintiff on a yearlong PDP based on actions for which it does not discipline its non-disabled employees.

70.

Defendant removed Defendant's cheerleading coach duties and the pay she received for her cheerleading coach duties because of her disability.

71.

Defendant's actions amount to a violation of Section 102 of the ADAAA, 42 U.S.C. § 12112, which prohibits discrimination on the basis of disability.

72.

As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

73.

In addition, Defendant's actions have caused, continue to cause, and will cause the Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

## COUNT IV
## Retaliation in Violation of the ADAAA

74.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

75.

At all times relevant hereto, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

76.

At all times relevant hereto, Plaintiff was an individual with a disability, sickle cell anemia, as defined under the Americans with Disabilities Act, 42 U.S.C. § 12102 (1)(A).

77.

In February 2011, Plaintiff engaged in protected activity under the ADAAA when she told Defendant that she believed she was being disciplined more harshly than her non-disabled coworkers because of her disability.

78.

Immediately thereafter, Defendant began to retaliate against Plaintiff for engaging in protected conduct.

79.

Defendant's actions in retaliating against Plaintiff following her complaints disability discrimination were committed with reckless disregard for her right to be free from discriminatory treatment because of her opposition to discriminatory practices in violation of the ADAAA.

80.

The effect of Defendant's above-mentioned acts has been to deprive Plaintiff of equal employment opportunities and benefits due to her because of her willingness to oppose such discriminatory practices.

81.

The actions taken against Plaintiff has caused her to suffer both monetary and non-monetary damages.

82.

Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the following prayer for relief for Defendant's violation of her rights under the ADAAA.

## COUNT V
## Retaliation for Exercise of FMLA Rights

83.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

84.

Plaintiff is an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11), 29 C.F.R. § 825.114.

85.

By disciplining Plaintiff more harshly than her coworkers who have not taken medical leave, by placing her on a yearlong PDP, and by removing her responsibilities as the cheerleading coach thereby reducing her salary, Defendant retaliated against Plaintiff for exercising her rights under the FMLA.

86.

Defendant's actions in retaliation for Plaintiff's exercise of her rights under the FMLA were committed with reckless disregard for her right to be free from discriminatory treatment for exercising her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

87.

The effect of Defendant's actions has been to deprive Plaintiff of income in the form of wages, prospective retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

88.

As a result, Plaintiff is entitled to both equitable and monetary relief for SunTrust's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay, attorneys' fees and costs of litigation.

89.

Plaintiff is also entitled to liquidated damages for Defendant's violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because Defendant's retaliatory actions were willful violations of the FMLA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

(a)    Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured under the FMLA and ADAAA;

(b)    Grant Plaintiff a permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates

against the Plaintiff and others similarly situated because of the exercise of their rights under the FMLA and the ADAAA or because of her participation in this lawsuit;

(c)     Grant to Plaintiff judgment in her favor and against Defendant under all Counts of this Complaint;

(d)     Order Defendant to make whole the Plaintiff by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(e)     Order Defendant to compensate Plaintiff for mental and emotional damages suffered as a result of Defendant's unlawful and discriminatory acts;

(f)     Grant to Plaintiff liquidated damages for Defendant's willful violations of the FMLA;

(g)     Grant to Plaintiff punitive damages for Defendant's willful and intentional violations of the ADAAA as provided by 42 U.S.C. § 12117(a)(as amended);

(h)     Grant to Plaintiff a jury trial on all issues so triable;

(i)     Grant to Plaintiff her reasonable attorneys' fee and reasonable expert witness fees together with any and all other costs associated with this action as provided by 42 U.S.C. § 12117 (a)(as amended); and

(j)     Grant such additional relief as the Court deems proper and just.

Respectfully submitted,

s/ Cheryl B. Legare
Georgia Bar No. 038553
cblegare@buckleyklein.com

BUCKLEY & KLEIN, LLP
Promenade II, Suite 900
1230 Peachtree Street, NE
Atlanta, Georgia  30309
Telephone: 404-781-1100
Facsimile:  404-781-1101

Counsel for Plaintiff