County of Henry

**1. Employment.** In consideration of the promises hereinafter stated, the School District does hereby employ the Employee, and the Employee does hereby accept employment as a member of: the certificated staff of the School District (other than administrative staff or assistant principal); or the administrative staff (other than assistant principal) of the School District; or an assistant principal of the School District.

**2. Term.** The term of this Contract is for a contract period of such work days as may be scheduled in the sole discretion of the Superintendent or by his or her designee, during the contract year which commences on July 1 of the year this Contract is entered into and ends on June 30 of the following year ("Contract Year").

**3. Duties and Scope of Work.**
(a) The Superintendent of Schools of the School District (hereinafter, "Superintendent"), in his/her sole discretion, shall have the right at all times to reassign or affect a transfer of any Employee to any other school or position in the School District, reduce or otherwise adjust any Employee's work schedule, or modify an Employee's duties and scope of work in order to best fulfill the needs of the School District.
(b) Employee agrees to perform all work and duties assigned by the School District and its Superintendent in accordance with the policies, rules, regulations, and directions of the School District and its Superintendent.
(c) When reasonably practical (as determined at the sole discretion of the Superintendent), the Employee will be assigned duties as designated by the Superintendent. Said Employee may also be assigned other duties by the Superintendent or the Employee's supervisor.
(d) If Employee has been hired as administrative staff or as an assistant principal then Employee will be assigned professional duties in the administration of the school system and such other duties as are deemed appropriate by the Superintendent or the Employee's supervisor.
(e) Employee expressly acknowledges that this Contract is contingent upon Employee having a clear law enforcement fingerprint report as determined by the Superintendent or the Superintendent's designee.

**4. Compensation.** For services rendered under this Contract, Employee shall be paid a salary based upon the following:
(a) Employee's base salary will be the appropriated amount set forth in the State of Georgia Salary Schedule for teachers as most recently published and approved by the Georgia Board of Education (not including any local or federal supplements), for the Contract Year, taking into account Employee's level of certification and years of acceptable and verified experience.
(b) If the Employee has been hired as administrative staff (excluding assistant principal), then Employee's base salary will be calculated based upon the T-7 state salary (not including any local or federal supplements) for the maximum years of experience shown on the State of Georgia Salary Schedule for teachers as most recently published and approved by the Georgia Board of Education for the Contract Year, which shall be adjusted as shown on the School District's Administrator's Salary Formula document that is published by the School District for the Contract Year.
(c) Employee's salary and contracted work days may be adjusted by the School District to account for any federal, state or local funds which are or are not actually received by the School District for the purpose of paying salaries. Such adjustment shall automatically become part of this Contract for the Contract Year on the date of publishing.
(d) Employee's salary is also conditioned upon the appropriation and continued availability of federal, state, and local funds under all federal, state, and local appropriations acts, as well as all amendments thereto and all employee salaries shall be subject to upward or downward adjustment in the sole discretion of the School District, to the greatest extent permitted by law, in the event of any increases or decreases in federal, state or local funding from the level of funding relied upon or expected by the School District or in the event of any reduction of the employee's work schedule permitted hereunder.
(e) In the event the State increases or decreases the published state salary schedule during the Contract Year, the Employee's salary shall be adjusted accordingly. As a separate and distinct budgetary matter, and independent of any salary increase or decrease implemented by the State, the School District may, during the Contract Year, increase, decrease or eliminate the Employee's local supplement and any similar employment benefits afforded by the School District in accordance with all applicable law. In any fiscal year where federal, state or local appropriations are less than the funds appropriated for the School District in the preceding fiscal year, or where such appropriations are reduced during the year, or in the situation where the Henry County Board of Education determines it is necessary or advisable, the School District reserves the right to adjust the Employee's schedule and to impose mandatory uncompensated non-work periods for whole work day(s) or fraction of work day(s), subject to any laws, rules and regulations adopted by the State of Georgia and its agencies. Employee shall not be entitled to salary, wages, supplemental payments, or any other payments during a non-work period and the Employee's Salary and all other forms of compensation shall be reduced by an amount that corresponds to the length of the non-work period, which amount shall be determined in the sole discretion of the Superintendent. A furlough or mandatory non-work period shall not be considered as a break in service by the Employee and said Employee is subject to all applicable policies and procedures of the School District.
(f) Certain employees may receive supplemental payments that are set and published by the School District as part of their salary. Said supplemented payments for the Contract Year shall be in addition to the above-stated compensation. Employee acknowledges and agrees that such supplements are not grievable or subject to the provisions of the Fair Dismissal Act (O.C.G.A. Section 20-2-940₁ et seq.) and may be given, taken away or changed at any time in the sole discretion of the School District.
(g) Employee's salary shall be adjusted on a per diem basis for all work days the Employee does not work during the Contract Year specified in Paragraph 2 hereof due to late or provisional employment, temporary relief from duties by Board or administrative action, resignation, suspension without pay, termination, early separation, non-compensated absence, absence not covered by leave, death of the Employee or adjustment in official work schedules. It is specifically agreed and understood that any suspension with or without pay shall be measured in work days.
(h) In addition to and not in limitation of the rights of the School District under this Contract, the salaries set forth in this Contract are subject to adjustment according to the laws of the State of Georgia.
(i) The payment of the salary calculation described above is not guaranteed by the School District.
(j) Each document referred to in this Paragraph 4 is hereby incorporated herein and made a part hereof on the date the same is published, except that any laws referred to in this Paragraph 4 shall govern and affect this Contract only to the extent contemplated by such law and shall apply to this Contract as of the effective date of such law. The incorporation of such documents and any amendments to such documents that become effective during the Contract Year will not be deemed to be an amendment to this Contract requiring the signatures of both parties.

**5. Policies and Rules. Employee agrees to:**
(a) Observe and implement such curriculum and standards, and to follow and obey such policies, standards, and rules as may from time to time be put into force by appropriate lawful action of any or all of the following: the School District, the Georgia Board of Education, the Professional Standards Commission and the Superintendent;
(b) Obey all laws, rules, and regulations of the United States, the State of Georgia, and the School District, and their respective agencies; and
(c) Execute and subscribe to such oath of affirmation of allegiance to the government and constitution respectively of the United States and the State of Georgia, as may be required or permitted by law.

**6. Suspension.** Employee acknowledges and agrees that the Superintendent has the power to suspend or place the Employee on administrative leave from work with pay for an indefinite period of time in order to investigate and act upon any alleged violation by the Employee of any law, rule, or regulation of the United States, the State of Georgia or the School District, or any alleged violation of any of the terms of this Contract.

**7. Termination and Resignation.**
(a) This Contract shall not be terminated by Employee without written consent of the Superintendent, except as may be specifically permitted under the terms herein.
(b) In the event of the termination of this Agreement by Employee in breach of this Contract (whether by giving notice, by failure or refusal to continue to perform assigned duties, or by any other actions or failures to act) on in the event this Contract is terminated or rendered null and void by the School District or the Superintendent due to Employee's breach of any term or warranty in this Contract, then the Superintendent shall notify the Professional Standards Commission of Employee's action and recommend that it suspend and revoke the certification of the Employee.
(c) This Contract may be terminated by the Superintendent or the School District as follows: for any reason set forth under O.C.G.A. § 20-2-940(a); for any breach of this Contract; for being absent without leave for five (5) work days during the Contract Year; for a felony conviction upon determination by the Superintendent, in his or her sole discretion, that the Employee is not physically, mentally, or emotionally fit to perform Employee's duties; as well as for any other reason permitted by law. Notice of the proposed termination may be given at the election of the Superintendent either orally or in writing. If the Employee elects to resign and the resignation is accepted by the Superintendent, such action will not prevent the School District or the Superintendent from notifying the Professional Standards Commissions of any possible violations of its rules and regulations.
(d) The parties hereto specifically agree that not withstanding anything to the contrary contained herein, the terms of this Paragraph 7 (c) thru (e) shall remain binding on the parties hereto and shall survive the termination of this Contract and shall survive and remain binding of the parties hereto in the event this Contract is rendered null and void.
(e) The School District's obligations under this Contract shall cease in the event of the Employee's death or in the event of disability, rendering the Employee unable to perform the essential functions of the Employee's job with such accommodations as required by law.
(f) If the Employee is discharged by the School District for cause or resigns in lieu of discharge for cause, the Employee shall not be considered for re-employment. In the event of termination by mutual agreement, the financial obligations of the School District under the terms of the Contract shall cease no later than the effective date of the Employee's termination.

**8. Warranties.** Employee warrants and represents to the School District the following:
(a) That Employee is physically, mentally, and emotionally fit and competent to perform all duties assigned under this Contract;
(b) That Employee is not under contract with any other school district for any portion of the Contract Year specified herein;
(c) That Employee will not seek or obtain employment with any other employer that would prevent or in any way impede Employee from carrying out all of Employee's duties under this Contract;
(d) That Employee has completed all requirements necessary to obtain a valid Georgia Educator Certificate issued by the Professional Standards Commission of the State of Georgia ("Certificate");
(e) That Employee holds and will continue to hold a valid Certificate for the entire term of this Contract, except that if Employee does not have such a Certificate on the date Employee signs this Contract, then Employee agrees to hold and continue to hold such a Certificate beginning on either the date the Employee obtains such a Certificate or no later than September 29th of the school year that this Contract covers, whichever is first;
(f) That Employee has not been discharged from any branch of the armed forces of the United States with a dishonorable discharge and that Employee has not fled or removed himself or herself from the United States for the purpose of avoiding or evading military service in any branch of the armed forces of the United States, unless Employee has been fully pardoned for any such actions;
(g) That Employee has not been convicted of a felony or misdemeanor (other than a minor traffic offense), including pleading no lo contendre and is not now under investigation for any such offense: if during the course of this Contract the Employee is convicted of a misdemeanor or felony, including one being given first offender status, Employee shall immediately notify the Superintendent;
(h) That as part of the School District's application process and prior to the execution of this Contract, Employee has submitted to fingerprinting and undergone criminal background check(s) by law enforcement, or with the School District's express agreement shall submit to fingerprinting and a background check within fifteen (15) days of the execution of this Contract;



(i) That Employee has not ever surrendered a teaching certificate, credential, license or permit, has not had one denied, revoked or suspended, and is not the subject of any pending investigation or adverse action;
(j) That Employee authorizes the School District to conduct criminal and personnel records relating to Employee, including records which may have been sealed or expunged, which are held by any local, state or administrative or federal agency or private entity and Employee expressly authorizes any such agency or entity to release copies of records to the School District; and
(k) That all information provided by Employee to the School District in relation to Employee's employment application with the School District was, is, and will continue to be true, correct, complete, and does not omit any relevant or material facts.
In the event the School District determines that any of the Employee's representations and warranties contained in this Contract are not true, or if the results of the criminal background check are deemed unacceptable by the Superintendent or the School District, both the School District and Superintendent shall have the right to declare this Contract to be null and void, at the sole option and discretion of either the Superintendent or the School District. In the event this Contract is terminated or declared to be null and void by the Superintendent or the School District, the School District shall have no further duty or obligation of any nature to Employee under this Contract.

9. **Certification and Highly Qualified Status.**
(a) It is the Employee's duty and obligation to obtain and maintain the highly qualified status and a valid Certificate
(b) Employee agrees to obtain and maintain throughout the term of this Contract a valid Certificate. In the event Employee fails to have or obtain a valid Certificate on or before September 29th of the School Year that this Contract covers or if Employee fails to maintain such Certificate throughout the term of this Contract, both the Superintendent and the School District shall each have the option and discretion to declare this Contract null and void, and in any such event, the School District will thereafter have no further liability or obligation to Employee pursuant to this Contract.
(c) If Employee is assigned to teach a core academic subject, Employee agrees to be highly qualified to teach that subject. Employee must submit documentation regarding his/her highly qualified status to the Superintendent no later than twenty (20) days after the first day Employee is assigned to teach a core academic subject. Employee agrees to have or to obtain and to maintain throughout the term of this Contract highly qualified status in the core academic subject(s) Employee is assigned to teach.
(d) If the Employee fails to have (or obtain) and maintain highly qualified status and submit documentation thereof as set forth herein, both the Superintendent and School District shall each have the option and discretion to declare this Contract null and void, and in any such event, the School District will thereafter have no further liability or obligation to Employee pursuant to this Contract.
(e) In the event Employee fails to have (or obtain) and maintain a valid Certificate or fails to have (or obtain) and maintain highly qualified status as required herein, Employee, at the sole option and discretion of the Superintendent, may be retained by School District as a substitute employee or in such other position as is determined by the Superintendent payable at the published rates and with benefits given by the School District to employees with comparable experience and certification in such position.

10. **Physical Examination, Medical Information, and Other Information.**
(a) As a prerequisite for employment or re-employment, or in the event the Employee's capacity to perform the essential duties of Employee's position is at issue, the School District may require a physical, medical, mental, emotional, or other examination at the Employee's expense.
(b) If special medical, physical, mental, emotional or other information is requested by the School District, the Employee shall submit and be examined by a physician or other examiner selected by the School District. The School District shall pay the costs of such special examination.
(c) Employee shall furnish the School District in writing and under oath such information, including but not limited to all physical, medical, mental, emotional, or other information, as the School District may request from time to time pertaining to the Employee's competence or fitness to perform assigned duties.

11. **Annual Evaluation.** The Employee's performance shall be evaluated on an annual basis. The Employee shall not receive credit or be deemed to have gained a year of experience for purposes of calculating salary or any other benefits for any year in which the Employee received an unsatisfactory annual evaluation (or the equivalent thereof, as determined in the sole discretion of the Superintendent) in any school system or district.

12. **Discrimination Prohibited.** The School District prohibits harassment and discrimination in employment on the basis of race, color, national origin, sex, disability, age, and religion. Further, the School District prohibits the violation of the civil rights of any of its employees and students. The School District desires to be promptly notified of any claims of harassment, discrimination or any civil rights violation in order to try to resolve all complaints promptly and in a non-adversarial manner. Hence, during the term of this Contract, if Employee contends that he/she has been harassed, discriminated against or has had his/her civil rights violated, Employee agrees to submit in a timely manner any such complaint, including a brief statement of facts, in accordance with the policies of the School District. By filing a complaint, Employee does not waive any legal rights. An Employee who harasses, discriminates or violates the civil rights of any other employee or student of the School District or otherwise violates any policy or rule of the School District may be disciplined for any such action, which discipline may include, but shall not be limited to termination.

13. **Amendment; Governing Law; Entire Agreement.** Amendments to this Contract shall be in writing signed by both parties hereto. The incorporation by reference of certain documents and amendments thereto as contemplated by this Contract shall not be deemed to be amendments to this Contract, which requires the signature of the parties hereto, regardless of whether any such document that is incorporated by reference exists as of the date of this Contract is entered into or is changed after the date of this Contract is entered into. The terms and conditions of this Contract are made expressly subject to provisions of the constitution and the laws of the State of Georgia (including, but not limited to all laws related to appropriations for public education), and the policies and rules of the Georgia Board of Education and the School District related to appropriations for public education or which otherwise relate in any way to this Contract. In the event any court or other tribunal of competent jurisdiction declares any portion of this Contract to be illegal, invalid, or unenforceable, the remainder of this Contract shall be unaffected thereby and remain in full force and effect. This Contract represents the entire agreement of the parties.

14. **Part Time Contractual Employee.** The Employee acknowledges and agrees that in the event Employee does not work full work days for a full school year (or take such leave as is permitted by the School District with respect to all work days which Employee does not work), then the Employee will be deemed to be a part time employee of the School District and the Employee: (a) Shall not have any expectation of or property right or interest in continued employment with the School District; (b) Shall not have any expectation of or right to employment beyond the term of this Contract with the School District; and (c) Shall not have or gain any tenure rights under the laws of the State of Georgia by virtue of this Contract. In the event Employee is a part time employee, then Employee will receive a pro rata accumulation of sick and personal leave based upon the percentage of time that the Employee worked out of a full time work year.

15. **Notices.** Any notices required or permitted under this Contract or by law may be given to Employee at the address set forth below for Employee or by personal delivery to the Employee, or by email to the Employee, or by facsimile to the Employee, or by publication on the School District website or in any other written form that is generally distributed to substantially all of the employees of the School District. Any notice mailed via regular or certified U.S. mail or via any package delivery service with adequate postage for delivery prepaid that is addressed to Employee at the Employee's address set forth below shall be conclusively deemed to have been received by Employee on the date of actual receipt by Employee or three (3) days after the date of mailing, whichever occurs sooner. All notices that Employee may give to the School District shall be only in writing and must be addressed to the Superintendent or his or her designee at 33 North Zack Hinton Parkway, McDonough, Georgia 30253, and will be deemed to be received on the date such notice is actually delivered to the Superintendent or his or her designee. Either party to this Contract may change the address at which notice is to be given by giving the other party notice of such new address in the manner contemplated by this paragraph.

16. **Execution and Approval of Contract.**
(a) The Superintendent has been authorized by the School District to execute this Contract on its behalf (subject to the limitations set forth below) and has been granted the powers set forth herein.
(b) If Employee desires to be employed by the School District during said Contract Year, Employee must sign and return this Contract to the Superintendent (or his or her designee) within ten (10) days of receipt of this Contract by Employee. Failure to do so voids any offer of employment that may have been made by the School District and shall be deemed to be an acknowledgment that Employee does not desire to be employed by the School District.
(c) This Contract (even if signed by both the Superintendent and the Employee) is contingent upon being approved (after it has been signed by Employee) by action of the School District through its County Board of Education taken in a meeting called for that purpose.

IN WITNESS WHEREOF, the parties have excuted this Agreement on the dates shown by each party's signature.

CONTRACT YEAR: 2012-2013

Name: RAINEY-LIGHTFOOT, ZANETA JOI  Employee Number: 29003  #: 47

Social Security Number: [redacted]  Years of Creditable Service: 8  Certificate Level: T-5

Date of Acceptance: 3/27/12

Address: 1840 WOODLAND RUN TRL. LOGANVILLE, GA 30052

THE HENRY COUNTY SCHOOL DISTRICT

By: Ethan J. O. Hildreth, Superintendent of Schools

Date of Offer: MARCH 13, 2012

Non-Work Email: _____ (for notification purposes pursuant to Paragraph 15)

---

| State of Georgia | PUBLIC SCHOOL EMPLOYMENT OATH OF ALLEGIANCE |
| County of Henry | |

Personally appeared before me, the undersigned Employee, who solemnly swears and affirms that the Employee is a citizen of the State of Georgia, is being employed by the School District referenced above, is the recipient of public funds for services rendered as such Employee, and will support the Constitution of the United States and the Constitution of Georgia.

Official Seal
Mary Janet Brock
Notary Public, Henry County, Georgia
My Commission Expires June 26, 2015

Sworn to and subscribed before me this 27th day of March, 2012

Signature of Employee

Mary Janet Brock

Required by O.C.G.A. 46-3-11