UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ZANETA ("JOI") RAINEY LIGHTFOOT, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE File No. 1:12-cv-000694-CAP |
| v. | ) ) ) | |
| HENRY COUNTY SCHOOL DISTRICT, | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER EMERGENCY MOTION FOR A COURT CONFERENCE, TO AMEND HER COMPLAINT AND TO EXTEND AND/OR STAY DISCOVERY**

Plaintiff Zaneta ("Joi") Rainey Lightfoot ("Mrs. Lightfoot") respectfully submits her Reply in Support of her Emergency Motion for a Court Conference, to Amend her Complaint, and to Extend and/or Stay Discovery.

Defendant's Response demonstrates aptly why the relief Mrs. Lightfoot requests is necessary. Defendant does not outright oppose Mrs. Lightfoot's motion to amend her Complaint to include termination claims, but opposes any attempt to amend the discovery schedule to accommodate the inclusion of these new claims. If the discovery schedule is not amended, Mrs. Lightfoot will have no choice but to initiate a second action against Defendant to allow her to pursue discovery with

respect to her termination.

**I.     Mrs. Lightfoot Should Be Permitted To Amend Her Complaint After Defendant Supplies Its Purported Justification For Her Termination.**

Mrs. Lightfoot moves to amend her Complaint to include her imminent termination, but naturally wishes to know *why* Defendant contends that it is terminating her employment before filing the Amended Complaint.  As Defendant has not explained its rationale, Mrs. Lightfoot requests a short stay and/or discovery extension.

A stay of the case would not be necessary if Defendant would merely tell Mrs. Lightfoot, right now, why it intends to non-renew her contract.[1]  Defendant refuses to do so.  Instead, it hides behind a statutory non-obligation, proclaiming that "[n]othing in Georgia law requires the local school district or the board of education to provide a teacher notice prior to the statutorily-required deadline." Def.'s Resp. at 3.

This is precisely the point.  Defendant has (apparently) not yet finalized the employment decision and has not yet explained itself.  Mrs. Lightfoot asks to be

---

[1] As the decision was apparently just made this month, the explanation should be close at hand.

permitted to assert a termination claim, and pursue discovery, after it does.[2]

## II. Mrs. Lightfoot's Termination Claims Under The FMLA And ADA Are Properly Before The Court.

Defendant then shifts gears and seemingly argues, inconsistently, that Mrs. Lightfoot should not be allowed to amend her Complaint because claims regarding her non-renewal "Are Premature and Would Constitute a Failure to Exhaust Administrative Remedies." Def.'s Resp. at 3. Defendant argues that Plaintiff cannot bring a termination claim under Family and Medical Leave Act ("FMLA") and Americans with Disabilities Act ("ADA") in federal court because of the prospective *res judicata* effect of a state superior court proceeding that has not actually taken place. Def.'s Resp. at 4-5.

There are no administrative prerequisites to filing an FMLA claim in federal court. *Shanks v. Potter*, 2010 WL 8347107, at *5 n. 4 (S.D. Ga. Dec. 28, 2010) ("'…there are no administrative prerequisites that must be satisfied before filing an

---

[2] Defendant's attempt to hide the ball is not aided by its later vague suggestion that Plaintiff divine the reason for her termination by consulting unidentified "stacks of documents regarding Plaintiff's failure to fulfill the expectations of her employer." Def.'s Resp. at 6. Despite these alleged "stacks" of documents, Principal Cook had not decided whether to non-renew Mrs. Lightfoot as of close of business on February 27, 2013. Deposition of Andrew Bret Cook at 319:5-15 (Ex. B to Pl.'s Motion). It should be easy to identify what changed in the week following Principal Cook's deposition.

FMLA suit in federal court.'") (citations omitted); *Edwards v. Heatcraft, Inc.*, 2006 WL 3159945, at *4 (M.D. Ga. Nov. 2, 2006) (same).  As to Mrs. Lightfoot's ADA claim, she has met all administrative prerequisites.  *Houston v. Army Fleet Serv., LLC*, 509 F.Supp.2d 1033, 1043 (M.D. Ala. 2007) ("…when a retaliation claim is based on adverse actions taken against the employee *after* the initial EEOC charge is filed, it can be said that the retaliation claim grows out of a properly filed employment discrimination charge, and it is not necessary for a plaintiff to file a second charge specifically alleging retaliation.")  (emphasis in original) (citing *Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988)).

   As the one case Defendant cites, *Sharpley v. C.W. Davis*, 786 F.2d 1109 (11th Cir. 1986), makes clear, Mrs. Lightfoot can proceed "'in federal court [as] [she] want[s] to litigate [her] federal claim in a federal forum.'"  *Sharpley*, 786 F.2d at 1112 n. 2.  Mrs. Lightfoot is electing to pursue her claims in *this* forum.  Defendant cannot force her to pursue federal claims in state court.  The result in *Sharpley* is distinguishable exactly because the plaintiff in that case made the decision to proceed on his claims in state court.  *Id*. at 1110-12.  Mrs. Lightfoot has initiated no proceedings, and has filed no Complaint, in state court.

The parties' dispute is properly before this Court and the parties have conducted extensive discovery in this forum related to their dispute and the statutes under which Mrs. Lightfoot will travel in asserting her termination claims. That Mrs. Lightfoot has the option to litigate her dispute in state court (which option she is not exercising) does not divest this Court of jurisdiction. State court is not the exclusive venue for federal claims.

### III. Mrs. Lightfoot Should Be Permitted To Pursue Discovery With Respect To Her Termination Claims.

Finally, Defendant reiterates its opposition to any further discovery in this action should Plaintiff be permitted to amend her complaint and specifically opposes the "re-opening of depositions…" Def.'s Resp. at 6. It is hard to understand Defendant's position here. Plaintiff's counsel could not possibly have questioned witnesses, including the decision-maker, Principal Cook, about a termination decision that had not yet occurred. When, on February 27, 2013, Plaintiff's counsel asked Principal Cook directly whether he had made the decision to renew Mrs. Lightfoot's contract, he testified that he had not made the decision and that such decision "will depend on really how she does from here on out." Cook Dep. at 319:5-15 (Ex. B to Pl.'s Motion). Plaintiff's counsel must be permitted to question Principal Cook, and other witnesses, about what Mrs.

5

Lightfoot did in the week between February 27, 2013 and March 8, 2013 (at most, 7 school days) that warranted her termination, and seek production of all relevant documents.

**IV.     Mrs. Lightfoot Respectfully Requests That The Court Grant Her Motion.**

Defendant's status as a public body does not excuse non-compliance with federal employment statutes, alter the administrative exhaustion schemes for such statutes, or shield Defendant from discovery obligations.[3]  Mrs. Lightfoot respectfully requests that the Court allow her to amend her Complaint to include termination claims after Defendant supplies the purported justification for her non-renewal, and further requests leave to pursue discovery with respect to these new claims.  Mrs. Lightfoot further respectfully requests a Court conference to address these issues to the extent the Court believes that such a conference would be useful.

---

[3] Defendant's reference in its Response to its frivolous Rule 11 Motion, which is unapologetically based on precedent overruled by the Supreme Court and should have been long ago withdrawn, does not advance its position.

Respectfully submitted, this 26th day of March, 2013,

                                BUCKLEY & KLEIN, LLP

                                s/ Cheryl B. Legare
                                Georgia Bar No. 038553
                                cblegare@buckleyklein.com
                                Justin M. Scott
                                Georgia Bar No. 557463
                                jmscott@buckleyklein.com

Promenade II, Suite 900
1230 Peachtree Street NE
Atlanta, GA  30309
Telephone:  (404) 781-1100
Facsimile:   (404) 781-1101

Counsel for Plaintiff

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as approved by the Court in LR 5.1B.

        BUCKLEY & KLEIN, LLP

        s/ Cheryl B. Legare
        Georgia Bar No. 038553
        cblegare@buckleyklein.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ZANETA ("JOI") RAINEY LIGHTFOOT, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE File No. 1:12-cv-000694-CAP |
| v. | ) ) ) | |
| HENRY COUNTY SCHOOL DISTRICT, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2013, I electronically filed the **PLAINTIFF'S REPLY IN SUPPORT OF HER EMERGENCY MOTION FOR A COURT CONFERENCE, TO AMEND HER COMPLAINT AND TO EXTEND AND/OR STAY DISCOVERY** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    A. J. Welch, Jr.
    Lindsay M. Hodgson
    William A. White

                                                          s/ Cheryl B. Legare
                                                           Georgia Bar No. 038553
                                                          cblegare@buckleyklein.com

BUCKLEY & KLEIN, LLP

Promenade II, Suite 900
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

Counsel for Plaintiff