UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ZANETA ("JOI") RAINEY
LIGHTFOOT,

          Plaintiff,

    v.

HENRY COUNTY SCHOOL
DISTRICT,

          Defendant.

CIVIL ACTION NO.

1:12-CV-0694-CAP

**O R D E R**

This matter is before the court on the defendant's motions for sanctions [Doc. No. 19] and for summary judgment [Doc. No. 54] as well as the plaintiff's motions for attorneys' fees and costs [Doc. No. 23] and to amend her complaint [Doc. No. 46].

## I.    Factual and Procedural Background

The plaintiff was hired as a teacher by Henry County School District ("HCSD") in August 2007 and assigned to Woodland High School beginning in 2008. The plaintiff suffers from sickle cell anemia, which causes sporadic pain crises. In March 2010, the plaintiff requested an accommodation for her disability in the form of intermittent Family and Medical Leave Act ("FMLA") leave. She was approved to take intermittent FMLA leave in October 2010.

On February 14, 2011, the plaintiff was approved for an additional period of intermittent FMLA leave.

On February 23, 2011, a letter of redirection was issued to the plaintiff indicating that she had:

> Violated the following Tasks and Dimensions of the Henry County Schools Annual Teacher Evaluation Addendum:
>
> 1.  Interacts in a professional manner with students, parents, and colleagues.
> 2. Works cooperatively with administrators, support personnel, colleagues, and parents.
> 3.  Failing to assure that all students assigned demonstrate academic gains.
> 4.  Evaluates effectiveness and redesigns implementation of concepts when necessary.
> 5. Facilitates home-school communication through telephoning and written communication.
> 6. Provides adequate information, plans and materials for substitute teachers.
> 7. Takes precautions to protect records, equipment, materials, and facilities.
> 8. Assumes responsibility for supervising students in out-of-class settings.

Ex. 1 to the Def.'s Mot. Summary J. [Doc. No. 54-4].  The letter went on to detail specific conduct by the plaintiff that HCSD claimed reflected the enumerated violations.  *Id.*  On March 24, 2011, the plaintiff received an annual evaluation summary report in which she was given an Overall Evaluation Summary of unsatisfactory.  Ex. 2 to the Def.'s Mot. Summary J. [Doc. No. 54-5].  According to the comment section of the evaluation, the

plaintiff failed to meet the requirements outlined in the February redirection letter. *Id.* Additionally, the evaluation stated that the plaintiff was being placed on a Professional Development Plan (PDP) for the 2011–12 school year.

The PDP, which became effective April 25, 2011, contained specific objectives for improvement, activities and timeline, and criteria for measurement of progress. Ex. 3 to the Def.'s Mot. for Summary J. [Doc. No. 54-6]. The PDP listed the following objectives for improvement: (1) to respond to communication from parents, administrators, and other stakeholders in a timely manner via telephone or written communication; (2) to structure lessons and assignments to ensure all students have the opportunity for academic gain; (3) to provide adequate information, plans, and materials for substitute teachers; (4) to take precaution to protect school records, equipment, materials, and facilities and follow school policy regarding student supervision; (5) to submit appropriate records in a timely manner; and (6) to follow school procedures regarding securing a substitute, etc. *Id.* The PDP required the plaintiff to perform the following activities: (1) to respond to all emails/phone calls from parents within 24 hours; to respond to all emails from administrators within 24 hours or the requested time frame; (2) lesson plans will demonstrate research-based strategies for success

for all students (ex. flexible grouping, differentiated assignments, standards-based instructional techniques, etc.); (3) to maintain five days of current lesson plans (not emergency lesson plans) and appropriate copies/assignments consistent with the county's curriculum map for situations that require a substitute teacher; (4) to protect confidentiality of records and materials by not allowing students to use school keys and copier codes and provide supervision of assigned students at all times; (5) to turn in parent contact logs, grade verification reports, and all other documents on time as required; and (6) to call or have someone on your behalf call SubFinder before 6:30 a.m. to report an absence. *Id.* The PDP indicated the following criteria for measurement: (1) to copy Ms. Schmidt on all communication to parents; (2) to review lesson plans; (3) to keep a completed substitute folder including five days worth of current substitute lesson plans in Student Services; (3) administrator and department chair observation; (4) to turn in parent contact logs, grade verification reports, and other documents on time as required; and (6) SubFinder reports. *Id.*

The plaintiff became coach of the school's cheerleading team in 2009; this responsibility came with additional compensation. In May 2011, Woodland Principal Bret Cook removed the plaintiff as cheerleading coach. In his deposition, Cook gave the following reasons for the plaintiff's removal

as cheerleading coach: (1) inappropriate contact with cheerleaders throughout the school day which interfered with other classes; (2) having cheerleaders miss other classes in order to speak with the plaintiff; (3) allowing cheerleaders to eat lunch in the plaintiff's classroom; (4) extensive absences following games at which cheerleaders were present; (5) issues in financial management of the cheerleading squad; and (6) complaints from parents about mistreatment of the students in the cheerleading program. Cook Dep. at 83–85.  According to Cook, extracurricular activities are secondary to a teacher's primary responsibility of teaching, and when a teacher's extracurricular activities interfere with the ability to be an effective teacher, the school's policy is to remove the extracurricular responsibilities. Cook Dep. at 83–84.

On April 4, 2011, the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  After receiving a right-to-sue letter from the EEOC, the plaintiff brought this action alleging that HCSD discriminated against her in violation of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008 ("ADAAA"), (Counts I-III), retaliated against her in violation of the ADAAA (Count IV), and retaliated against her in violation of the FMLA (Count V). The plaintiff seeks declaratory and injunctive relief as well as compensatory,

liquidated, and punitive damages.  Additionally, the plaintiff seeks attorneys

fees, expert witness fees, and all other costs pursuant to 42 U.S.C. § 12117(a).

## II.   Motion for Summary Judgment

### A.  Standard

Rule 56(c) of the Federal Rules of Civil Procedure authorizes a court to

enter summary judgment "if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to

any material fact and that the movant is entitled to judgment as a matter of

law." The party seeking summary judgment bears the burden of

demonstrating that no dispute as to any material fact exists.  *Adickes v. S.H.*

*Kress & Co.*, 398 U.S. 144, 156 (1970); *Johnson v. Clifton*, 74 F.3d 1087, 1090

(11th Cir. 1996).  The moving party's burden is discharged merely by

"'showing' – that is, pointing out to the district court – that there is an

absence of evidence to support [an essential element of] the nonmoving

party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  In

determining whether the moving party has met this burden, the district court

must view the evidence and all factual inferences in the light most favorable

to the party opposing the motion.  *Johnson*, 74 F.3d at 1090. Once the moving

party has adequately supported its motion, the nonmovant then has the

burden of showing that summary judgment is improper by coming forward

with specific facts showing a genuine dispute. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In deciding a motion for summary judgment, it is not the court's function to decide issues of material fact but to decide only whether there is such an issue to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). The applicable substantive law will identify those facts that are material. *Id.*, 477 U.S. at 247. Facts that in good faith are disputed, but which do not resolve or affect the outcome of the case, will not preclude the entry of summary judgment as those facts are not material. *Id.* Genuine disputes are those by which the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* In order for factual issues to be "genuine" they must have a real basis in the record. *Matsushita*, 475 U.S. at 586. When the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Id.*

**B. Disability Discrimination**

In the amended complaint, the plaintiff contends that she was discriminated against by HCSD because of her disability when (1) she was disciplined based on conduct for which HCSD does not discipline its non-disabled employees; (2) she was placed on a year-long PDP based on actions for which HCSD does not discipline its non-disabled employees; and (3)

HCSD removed her cheerleading coaching duties and pay because it regards her as disabled.  In her response to the motion for summary judgment, the plaintiff contends that the defendant discriminated against her by failing to accommodate her request to relocate her classroom.  However, the plaintiff did not allege this conduct in her amended complaint.  She may not amend her complaint through a brief in response to the motion for summary judgment.  Accordingly, the court will not consider this allegation.

The ADA protects a "qualified individual with a disability" from discrimination in the "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a) (2000). A plaintiff may show discrimination through direct or circumstantial evidence.

The Eleventh Circuit defines direct evidence as "evidence, that, if believed, proves [the] existence of [a] fact without inference or presumption." *Morris v. Emory Clinic, Inc.*, 402 F.3d 1076, 1081 (11th Cir. 2005); *Wilson v. B/E Aerospace, Inc.*, 367 F.3d 1079, 1086 (11th Cir. 2004) (quoting *Burrell v. Bd. of Trustees of Ga. Military Coll.*, 125 F.3d 1390, 1393 (11th Cir. 1997)). Direct evidence consists of "only the most blatant remarks, whose intent could be nothing other than to discriminate." *Carter v. City of Miami*, 870 F.2d 578, 582 (11th Cir. 1989).

In the motion for summary judgment, the defendant argues that the plaintiff cannot demonstrate direct evidence of discrimination.  In the response in opposition to the motion for summary judgment, the plaintiff points to no direct evidence of discrimination.

Absent direct evidence, a plaintiff demonstrates discrimination using the burden-shifting framework the Supreme Court established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); s*ee also Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000). A plaintiff must first establish a prima facie case of discrimination, which creates a rebuttable presumption that the employer acted illegally. "To establish a prima facie case of discrimination under the ADA, a plaintiff must show: (1) she is disabled; (2) she is a qualified individual; and (3) she was subjected to unlawful discrimination because of her disability." *Mervyns*, 207 F.3d at 1365.  The third element is sometimes bifurcated, requiring the plaintiff to prove (1) a discriminatory act and (2) that her disability was a substantial or motivating factor that prompted the defendant to take that action.  *Collado v. United Parcel Service*, 419 F.3d 1143, 1152 n.5 (11th Cir. 2005).

In the motion for summary judgment, the defendant argues that the plaintiff cannot establish a prima facie case for discrimination because *inter alia*, the plaintiff cannot put forth a genuine issue of material fact as to

whether HCDS unlawfully discriminated against her.  As the defendant correctly points out, two of the discriminatory actions alleged by the plaintiff are disparate treatment claims, i.e., the plaintiff complains that she was treated differently than other non-disabled employees.  However, the defendant has pointed out the absence of evidence to show that similarly situated employees have been treated more favorably for similar conduct. The plaintiff fails to address this deficiency in responding to the motion for summary judgment. Accordingly, the defendant is entitled to summary judgment on the discrimination claim to the extent it is based upon the plaintiff's claim that she was disciplined and put on a PDP based upon conduct for which HCSD does not discipline non-disabled employees.

The final action the plaintiff alleges was discriminatory was her removal as cheerleading coach.  For purposes of summary judgment, the court will assume that the plaintiff has established a prima facie case of discrimination based on this action.

If a plaintiff establishes a prima facie case, she has created an inference of discrimination, and the defendant has the burden of producing a legitimate, non-discriminatory reason for its employment action. This burden is "exceedingly light." *Holifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir. 1997).

If the defendant meets this light burden, then the inference of discrimination is erased, and the burden shifts back to the plaintiff "to demonstrate that the defendant's articulated reason for the adverse employment action is a mere pretext for discrimination." *Holifield*, 115 F.3d at 1565.  To determine whether an employer's reason is pretext, courts examine whether the evidence reveals "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Vessels v. Atlanta Ind. Sch. Sys.*, 408 F.3d 763, 770 (11th Cir. 2005).

In support of the motion for summary judgment, the defendant has directed the court to the deposition of Cook who gave the following reasons for his decision to remove the plaintiff as cheerleading coach: (1) inappropriate contact with cheerleaders throughout the school day which interfered with other classes; (2) having cheerleaders miss other classes in order to speak with the plaintiff; (3) allowing cheerleaders to eat lunch in the plaintiff's classroom; (4) extensive absences following games at which cheerleaders were present; (5) issues in financial management of the cheerleading squad; and (6) complaints from parents about mistreatment of the students in the cheerleading program.  Cook Dep. at 83–85.  This

evidence satisfies the defendant's "exceedingly light" burden to articulate a legitimate, non-discriminatory reason for the challenged action.

The plaintiff, in response to the motion for summary judgment makes no attempt to demonstrate that these reasons are pretext or that the defendant's decision to remove the plaintiff as cheerleading coach was based upon her disability.  Accordingly, the defendant is entitled to summary judgment with respect to the plaintiff's discrimination claim based upon her removal as cheerleading coach.

## C. Retaliation

The plaintiff contends that the defendant retaliated against her in violation of the ADAAA for complaining that she was being disciplined more harshly than her non-disabled co-workers.  Additionally, the plaintiff alleges that the defendant disciplined her, placed her on a PDP, and removed her duties as cheerleading coach in retaliation for exercising her rights under the FMLA.

The ADA, as amended by the ADAAA, creates a prohibition on retaliation, providing that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual has made a charge . . . under [the ADA]." 42 U.S.C. § 12203(a).  Likewise, the FMLA prohibits

retaliation for having exercised an FMLA right.  29 U.S.C. § 2615(a);

*Strickland v. Water Works and Sewer Bd.*, 239 F.3d 1199, 1207 (11th Cir.

2001).

To advance past the summary judgment stage, the plaintiff must offer

either direct evidence of retaliation or establish a prima facie case of

retaliation with circumstantial evidence. *Strickland*, 239 F.3d at 1207.

Direct evidence of retaliation must conclusively show bias that caused the

adverse result in the workplace.  *See Clark v. Coats & Clark, Inc.*, 990 F.2d

1217, 1226 (11th Cir. 1993).  The plaintiff contends that statements made by

Cook during a disciplinary meeting on February 23, 2011, constitute direct

evidence of retaliation. Cook told the plaintiff that he believed the problems

enumerated in the February 23, 2011 letter of redirection were caused by her

being out a lot.  He went on to tell the plaintiff that while he understood her

medical issues, he had to determine when her situation was damaging to

students.  Finally, he told the plaintiff that her absences had a correlation to

student success.  It was also suggested to the plaintiff in this meeting that

she transfer to a middle school because a six-period day in high school was

not good for her.  "Direct evidence is evidence that, if believed by the trier of

fact, 'establishes the existence of discriminatory intent behind the

employment decision without any inference or presumption.'" *Beatty v.*

13

*Hudco Indus. Products, Inc.*, 881 F. Supp. 2d 1344, 1352 (N.D. Ala. 2012)

(quoting *E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1283 (11th Cir.

2000)). "If the alleged statement suggests, but does not prove, a

discriminatory motive, then it is circumstantial evidence." *Id.*  The evidence

relied upon by the plaintiff does not constitute direct evidence of retaliation.

Rather, the evidence suggests that school administrators believed that the

plaintiff was unable to perform the essential functions of her job because of

her disability.  Taking it in the light most favorable to the plaintiff, the

evidence does nothing more than create an inference that the defendant was

disciplining the plaintiff for protected activity.

If relying upon circumstantial evidence of retaliation, a plaintiff makes

a prima facie case by alleging that (1) she engaged in a protected activity, (2)

she suffered an adverse employment decision, and (3) the adverse decision

was causally related to the protected activity.  *Strickland*, 239 F.3d at 1207.

"Once a prima facie case is established, the burden then shifts to the

defendant employer to come forward with legitimate non-discriminatory

reasons for its actions that negate the inference of retaliation."  *Id.* "The

plaintiff then must demonstrate that [she] will be able to establish at trial

that the employer's proffered non-discriminatory reasons are a pretextual

ruse designed to mask retaliation."

In the amended complaint, the plaintiff claims that she engaged in protected activity when she told her employers in February 2011 that she believed she was being disciplined more harshly than her non-disabled coworkers because of her disability.  She additionally claims that she exercised rights under the FMLA by requesting intermittent leave because of her health condition.

### 1. Prima Facie Case

The defendant moves for summary judgment arguing that the plaintiff cannot show any of the three elements of a prima facie case of retaliation. As for statutorily protected activity, the plaintiff alleges in her amended complaint that she exercised her rights under the FMLA and complained to administrators about being disciplined more harshly than other non-disabled employees.  It is undisputed that the plaintiff requested and was approved for taking intermittent leave under the FMLA.  This is sufficient "protected activity" for the first element of the plaintiff's prima facie case of FMLA retaliation.  However, with respect to the claim that she was retaliated against in violation of the ADAAA for complaining about being disciplined, the defendant points to an absence of evidence that the defendant was aware that this activity occurred.  Cook testified that he first became aware of the plaintiff's contention that disciplinary action was a form of retaliation when

she filed her EEOC charge.  Cook Dep. at 126–27.  The plaintiff has offered

nothing beyond the bare allegation in her complaint that she did in fact

complain to school administrators about the discipline.  Accordingly, the

plaintiff cannot show a prima facie case of retaliation based upon her alleged

complaint regarding discipline, and the defendant is entitled to summary

judgment as to Count IV, retaliation in violation of ADAAA.

As to Count V, the defendant next contends that the plaintiff cannot

establish that she suffered an adverse employment action because she cannot

demonstrate a "tangible, negative effect on the plaintiff's employment."

*Shotz v. City of Plantation,* 344 F.3d 1161, 1181–83 (11th Cir. 2003).

However, the proper standard for this court to analyze whether the plaintiff

has suffered an adverse employment action is whether a reasonable employee

would have found the challenged action materially adverse.  *Burlington N. &*

*Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006).

Here, the plaintiff has pointed to the testimony of school administrator,

Molly Schmidt, who indicated that a PDP is the severest form of discipline a

teacher can receive short of termination.  Schmidt Dep. at 92.  Likewise, the

plaintiff has adduced evidence that it is common practice for the defendant to

not renew teachers who receive an "Unsatisfactory" rating on their

evaluation.  Cook Dep. at 155–56.  Also, the plaintiff has established that her

salary was reduced when she was removed as cheerleading coach. This evidence is sufficient to establish, for purposes of a prima facie case, that the disciplinary actions cited by the plaintiff as well as her removal as cheerleading coach were materially adverse employment actions.

Finally, the defendant argues that the plaintiff cannot establish the causation prong of the prima facie case for FMLA retaliation. However, the defendant focuses this argument on the absence of evidence that school administrators were aware of the plaintiff's protected activity. This argument is inapplicable to the FMLA claim; the defendant does not dispute that the plaintiff requested and received permission to take intermittent leave under the FMLA. Therefore, the defendant has failed to point to an absence of evidence as to the causation prong of the plaintiff's prima facie case of retaliation brought under the FMLA. Therefore, for purposes of summary judgment, the court finds that the plaintiff has established a prima facie case of retaliation under the FMLA.

## 2. Defendant's Proffered Reason

This court has determined that the plaintiff has established a prima facie case of retaliation under the FMLA. The defendant contends it has presented legitimate, non-discriminatory reasons for its actions. With respect to the removal of the plaintiff as cheerleading coach, the court has

17

already determined that the defendant offered legitimate reasons for their actions and the plaintiff could not demonstrate pretext.  *See supra* Part II.B. Accordingly, to the extent that the plaintiff alleges that she was retaliated against in violation of the FMLA through her removal as cheerleading coach, the defendant is entitled to summary judgment.

As to the defendant's proffered reasons for the disciplinary actions it took against the plaintiff, the defendant directs the court to the February 23, 2011 letter of redirection for the specific reasons for disciplining the plaintiff. Ex. 1 to the Def.'s Mot. Summary J. [Doc. No. 54-4].  That letter sets forth the specific shortcomings that resulted in the disciplinary actions.  In the April 2011 evaluation, the defendant stated that because the plaintiff failed to meet the requirements of the February letter, she was placed on a year-long PDP.  Ex. 2 to the Def.'s Mot. Summary J. [Doc. No. 54-5].  These documents are sufficient for the defendant to meet the "exceedingly light" burden of proffering a non-discriminatory reason for the challenged action.

### 3.  The Plaintiff's Evidence of Pretext

In the response to the motion for summary judgment, the plaintiff directs the court's attention to the statements of administrators who indicated that her frequent absences resulted in problems.  Additionally, the plaintiff cites deposition testimony of school administrators who were unable

to identify precisely what requirements of the February 2011 letter the plaintiff failed to meet.  Cook Dep. at 107–08; Schmidt Dep. 58.

Given the statements by Cook that the problems the plaintiff experienced with performance stemmed from her frequent absences and the inability of administrators to articulate how the plaintiff failed to comply with the letter of redirection, a reasonable jury could find that the disciplinary actions were taken against the plaintiff in retaliation for her exercise of FMLA rights.

Because the plaintiff has established a prima facie case of discrimination under the FMLA and come forth with evidence sufficient to create a question of fact as to the legitimacy of the defendant's proffered reasons for its actions, the defendant is not entitled to summary judgment as to Count V with regard to the disciplinary actions.

## III.  Motion for Sanctions [Doc. No. 19]

The defendant moves for sanctions pursuant to Rule 11 arguing that the plaintiff's complaint was filed without a reasonable inquiry and lacks insufficient factual or legal bases.  Rule 11 provides, in relevant part, that when presenting a pleading to the court, a party must certify "to the best of the person's knowledge, information, and belief" that "the allegations and factual contentions have evidentiary support."  Fed. R. Civ. P. 11(b)(3).

Under this rule, an attorney must make a reasonable inquiry into the facts before filing an action.  Also, an attorney is required to make an inquiry into the relevant legal authority.  *Mroz v. Glatter*, 65 F.3d 1567, 1573 (11th Cir. 1995).  Rule 11 is violated where "the complaint has absolutely no chance of success under existing precedent." *Jaffe v. Goodwin*, 2004 U .S. Dist. LEXIS 28129, *9 (E.D.Va. 2004).  The Eleventh Circuit has established that "a complaint is factually groundless and merits sanctions where the plaintiff has absolutely no evidence to support its allegations."

As set forth above, the plaintiff has established a prima facie case of retaliation under the FMLA and adduced sufficient evidence to create a question of fact as to the legitimacy of the defendant's proffered reason for its actions.  While the defendant prevailed on summary judgment as to the discrimination claims, the plaintiff was able to point to evidence to support her allegations.  Therefore, there is no basis for Rule 11 sanctions in this case.  The defendant's motion for sanctions [Doc. No. 19] is DENIED.

## IV. Motion for Attorney's Fees [Doc. No. 23]

The plaintiff seeks attorneys fees for responding to the defendant's motion for Rule 11 sanctions.  The defendant has not opposed this motion.

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The plaintiff argues that the motion for sanctions was unsupported by applicable or controlling case law and unsupported by the facts as alleged by the plaintiff.  Thus, the plaintiff concludes that the motion for sanctions was filed for no other reason than to needlessly obstruct the litigation of non-frivolous claims.

While the defendant's motion for sanctions was meritless, the court does not find that it was filed for an improper purpose.  Therefore, the motion for attorneys fees [Doc. No. 23] is DENIED.

## V.   Motion for Leave to Amend, for Court Conference, and to Extend Discovery [Doc. No. 46]

On March 8, 2013, the plaintiff was notified that her contract with HCSD would not be renewed.  On March 20, 2013, the plaintiff filed an emergency motion for leave to amend her complaint pursuant to Rules 16(b) and 15(a) to include a claim for termination.  The plaintiff did not include a proposed amended complaint; she explains in a footnote that because she would not know the basis of the non-renewal of her contract for months, she could not craft a proposed amended complaint.  The court cannot conduct a

21

proper analysis on the motion to amend without the proposed amended complaint.  Accordingly, the motion for leave to file an amended complaint [Doc. No. 46-1 is DENIED.  However, sufficient time has now passed such that the plaintiff should be able to articulate her claim based upon the non-renewal of her contract.  Therefore, the plaintiff may file a properly supported motion for leave to amend which includes a proposed amended complaint no later than July 23, 2013.

Because the motion to amend has been denied at this time, there is no basis for an extension of discovery or a court conference.  Therefore, those motions [Doc. Nos. 46-2 and 46-3] are likewise DENIED.  In the event the plaintiff moves for and is granted leave to amend her complaint to add a claim based upon her termination, the court will establish an appropriate time for discovery.

## VI. Conclusion

The defendant's motion for summary judgment [Doc. No. 54] is GRANTED IN PART and DENIED in part.  The defendant is entitled to summary judgment as to the plaintiff's discrimination claims (Counts I, II, and III) and retaliation claim brought pursuant to the ADAAA (Count IV) and the portion of the retaliation claim brought pursuant to the FMLA (Count V) based upon the plaintiff's removal as cheerleading coach.  The

22

motion for summary judgment is DENIED as to the portion of the retaliation claim brought pursuant to the FMLA based upon the disciplinary actions.

The emergency motion for leave to amend, for extension of discovery, and for a court conference [Doc. No. 46] is DENIED.  The plaintiff may file a properly supported motion for leave to amend the complaint to add a claim based upon the non-renewal of her contract no later than July 23, 2013.

The motion for sanctions [Doc. No. 19] and motion for attorneys fees [Doc. No. 23] are DENIED.

**SO ORDERED** this 8th day of July, 2013.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge